UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

      v.

Alfredo Manuel Pires
AKA Fred Michael Pires

Criminal No. 21-cr-014-LM
Opinion No. 2021 DNH 187 P

# O R D E R

A grand jury indicted Alfredo Pires on one count of making false statements, 18 U.S.C. § 1001(a)(2), and one count of aggravated identity theft, 18 U.S.C. § 1028A(a)(2). Pires moves to transfer the case to the Central District of California. The government objects. For the reasons that follow, Pires's motion is granted.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 21(b) provides that "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). In deciding whether transfer is warranted, courts consider the following factors from Platt v. Minn. Mining & Mfg. Co.:

> (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be in issue; (4) the location of documents and records likely to be involved; (5) the disruption of defendant's business if the case is not transferred; (6) the expense to the parties; (7) the location of counsel; (8) the relative accessibility of the

place of trial; (9) the docket condition of each district or division
involved; and (10) any other special considerations relevant to transfer.

United States v. Muratoski, 413 F. Supp. 2d 8, 9 (D.N.H. 2005) (citing Platt v. Minn.
Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964)).

## BACKGROUND[1]

Pires applied for and received a U.S. passport in 1996.  In 2007, he
successfully renewed the passport.  On March 14, 2017, Pires submitted a passport
renewal form to the government in which he attested to personal identifying
information, including a name, date of birth, and parental information.  He
submitted the renewal document in California, and it ultimately reached the
National Passport Office in New Hampshire.  Pires's passport paperwork shows that
he has lived in Los Angeles, California, for at least the last 25 years.

In 2018, the government flagged Pires's 2017 renewal application for further
investigation as it contained personal identifying information consistent with
another person's application.  In 2018, the Los Angeles field office of the Diplomatic
Security Service opened an investigation into possible passport fraud.  Special
agents of the Diplomatic Security Service's Los Angeles office interviewed Pires in
California, spoke with the alleged identity theft victim in California, and collected
documents from California government agencies.  In 2021, a grand jury in New
Hampshire indicted Pires on one count of making false statements, 18 U.S.C.

---

[1] The background facts are taken from Pires's recitation of the relevant facts, to
which the government does not object.

§ 1001(a)(2), and one count of aggravated identity theft, 18 U.S.C. § 1028A(a)(2), in connection with his 2017 renewal application.

## DISCUSSION

This is one of several prosecutions brought in the District of New Hampshire for charges connected to applications submitted to the National Passport Center in Portsmouth.[2]  Until 2004, the government routinely charged such cases as passport fraud under 18 U.S.C. § 1542.  In 2004, however, the First Circuit held that venue is improper in the District of New Hampshire for passport fraud cases involving applications mailed from out of state, reasoning that § 1542 is a completed offense "at the moment an applicant makes a knowingly false statement in an application with a view toward procuring a passport."  United States v. Salinas, 373 F.3d 161, 167 (1st Cir. 2004).  Venue was not proper in this district, then, because all of the conduct constituting the crime took place elsewhere.  Id. at 164.  The court contrasted such prosecutions to those for making false statements under 18 U.S.C. § 1001, which are generally considered continuing offenses, with the material misrepresentation "continuing into the district in which the effects of the false statement are felt."  Id. at 167.  Thus, the government now routinely charges passport fraud cases under § 1001 instead.  See Muratowski, 413 F. Supp. 2d at 10.

---

[2] The National Passport Center in Portsmouth is one of only four passport centers around the country.  The other centers are in Arkansas, Louisiana, and Arizona.

As this court noted in <u>Muratowski</u>, this "creative charging" serves some practical purpose given that the National Passport Center is located here, relevant documents are generally found here, and that local prosecutors entertain a pragmatic concern that prosecutors in other districts may not be as willing to pursue these cases given the disparity in caseloads and available resources.  <u>Id.</u> at 8.  On the other hand, the court noted that in these cases defendants often live hundreds of miles away, have no personal contacts with this district, and would need to pay substantial sums to travel and stay in New Hampshire on multiple occasions.  <u>Id.</u>

As such, this court routinely grants transfer of these cases to the district where the defendant lives.  <u>See, e.g.</u>, <u>United States v. Gonzales</u>, 20-CR-17-SM, Order, (D.N.H. Nov. 16, 2020) (transferring case to Northern District of California); <u>United States v. Eiles</u>, 19-CR-55-01-JL, ECF Doc. No. 17, Order at *2 (D.N.H. Aug. 28, 2019) (transferring case to District of Arizona); <u>United States v. Montejano</u>, 19-CR-51-JD, ECF Doc. No. 17, (D.N.H. Aug. 17, 2019) (transferring case to the Central District of California); <u>United States v. White</u>, 04-CR-219-SM, 2005 WL 2093029, at *1 (D.N.H. Aug. 26, 2005) (transferring case to the Eastern District of New York); <u>Muratowski</u>, 413 F. Supp. 2d at *12 (transferring case to the Northern District of Illinois).

In Pires's case, similarly, the <u>Platt</u> factors counsel in favor of transfer:

- **Location of the defendant:** Pires is a long-time resident of Los Angeles and is employed in California.  The multiple trips to New Hampshire required to defend this case would no doubt be a hardship,

4

given the significant time and expense of cross-country travel.

- **Location of possible witnesses:** The government argues that a single employee from the National Passport Center in New Hampshire is an essential witness for the government and thus would need to travel to California for trial, which would "create scheduling and other logistic difficulties at the NPC." Doc. no. 16-1 at 4. The government, however, concedes that the United States can produce the employee in the Central District of California[3] if needed. It also acknowledges that the National Passport Center can rearrange its staffing roster to accommodate for the absence.

- Pires represents that all other likely trial witnesses live in California. These include the two government agents who interviewed Pires in 2019, the alleged victim, and any witnesses likely to play a role in sentencing.

- **Location of events likely to be in issue:** All events related to the offense—other than the receipt of the document by the National Passport Center—occurred in California.

- **Location of documents and records likely to be involved:** The government argues that most of the documents likely to be produced at trial are located at the National Passport Center. As the

---

[3] The government indicated it would produce the employee in the Northern District of California, not the Central District. The court assumes the government would likewise produce the employee in the Central District.

government concedes, however, the location of documents is not a major concern as they can easily be moved.  See Muratowski, 413 F. Supp. 2d at 11.

- **Disruption of defendant's business if case is not transferred:** Pires is employed at a California university and taking time off from his job to come to New Hampshire would cause him financial hardship.

- **Expense to the parties:** Pires argues that not only would he have to travel to New Hampshire to attend court dates, but to properly defend the case either Pires's federal defender or an investigator would have to travel to California.  The government argues that the District of New Hampshire is "readily accessible to [Pires] and modestly priced overnight accommodations are available near the Courthouse."  Doc. 16-1 at 6.  The government also notes that the Pires may seek funds to offset any costs.

- **Location of counsel:** Defense counsel represents that if this case is transferred to California, it would likely be handled by an Assistant United States Attorney and an attorney from the Federal Defender's Office in California.  A federal public defender in the Central District of California already represented Pires at an initial appearance in California in March 2021, and thus is familiar with Pires's case.

- **The accessibility of the place of trial:**  The Central District of California is more accessible to the parties, for the reasons discussed above.

- **The docket condition of each district or division involved:** The government argues that the relative dockets of this court and the Central District of California indicate that this court is better positioned to retain the case.

- **Any other special considerations:**  The government argues that it has an interest in the efficient marshalling of its resources, and that centralizing these cases in one district minimizes duplication of efforts across the country.  While that may be so, it does not outweigh the burden to the defendant and all witnesses other than the National Passport Center employee if the case is not transferred.

- Finally, with regard to venue generally, the government argues that the District of New Hampshire is the only district where the United States would be able to meet its burden of proving venue for cases brought under § 1001, and thus is the only jurisdiction in which this case could have been properly charged.   The government acknowledges, however, that Pires has waived any objection to trying this case in the Central District of California.   Thus, the issue is immaterial.   Further, as this court noted in <u>Montejano</u>, the government exercised its discretion to pursue this case under § 1001,

7

and that if there is any ambiguity about the proper venue for § 1001 offenses, there is not for passport fraud under 18 U.S.C. § 1542. See Salinas, 373 F.3d at 169 ("[T]he plain language of 18 U.S.C. § 1542 makes passport fraud a point-in-time offense, which can be prosecuted at the place of the false statement but not at some different place where the government, unbeknownst to the defendant, has opted to process the application."); Montejano, 19-CR-51-JD, ECF Doc. No. 17 ("The government's use of its discretion to indict [the defendant] under § 1001 rather than § 1542 does not grant it immunity from transfer.").

In 2005, this court noted that prosecutions in this district for making false statements on passport applications brought would likely raise transfer issues somewhat frequently. Muratowski, 413 F. Supp. 2d at 12. And while the court noted that a systemic approach to resolving these cases was not appropriate given that every defendant's circumstances would be different, it stated that "[g]overnment counsel . . . can readily identify those cases that ought to be brought where the defendant lives, and indict here only those cases in which transfer is not likely to be ordered." Id. at 12. This court has recently reminded the government of this simple solution. See Montejano, 19-cr-51-JD, ECF Doc. No. 17 at 9. Nevertheless, the government continues to bring cases such as this one in New Hampshire, even though the Platt factors squarely counsel in favor of transfer. And when objecting to defendants' motions to transfer, the government puts forth virtually identical

arguments time and time again.  See, e.g., Gonzales, 20-CR-17-SM, ECF Doc. No. 14;

Eiles, 19-CR-55-01-JL, ECF Doc. No. 15; Montejano, 19-CR-51-JD, ECF Doc. No. 14.

The court yet again reminds the government to heed Muratowski's sound advice.


### CONCLUSION

Pires's motion to change venue, doc. no. 14, is granted.

SO ORDERED.

Landya McCafferty
United States District Judge


December 9, 2021

cc:  Counsel of Record.